### CITY OF SAN ANTONIO V. WILLIE TALERICO ET AL.

#### No. 1338.   Decided June 16, 1904.

**1.—Assignment of Error—Fundamental Error.**

The overruling of exceptions to a petition bad on general demurrer, being fundamental error which should be considered without being assigned, should be considered though complaint is made, in one assignment, of the overruling of the general and various special demurrers raising distinct questions. (Pp. 154, 155.)

**2.—Tort—Indemnity.**

A city held liable for personal injury caused by a defective sidewalk may recover over against the person whose wrongful act caused its dangerous condition. (Pp. 155, 156.)

**3.—Same—Limitation.**

Limitation does not run against one seeking indemnity from the active wrongdoer for damages to which he has been held liable through owing a duty in the premises to the party injured by the wrongful act until recovery had by the latter against him, though under Texas practice he may, in advance of such recovery, make the wrongdoer contingently liable a party to the suit seeking such recovery. (P. 156.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Talerico sued the city for damages and the latter made the orphan asylum a party to its plea to be indemnified by the latter against plaintiff's recovery. Demurrers on behalf of the orphan asylum were sustained to defendant's plea against it, and plaintiff recovered against the city. The judgment being affirmed on appeal, the city obtained writ of error.

*William Aubrey* and *Chas. C. Cresson,* for plaintiff in error.—The Court of Civil Appeals erred in refusing to entertain and determine this applicant's assignment of error number 1, whereby the action of the trial court in sustaining the general demurrer and special exceptions of defendant, St. Joseph's Orphan Asylum, to this applicant's amended supplemental answer, was sought to be reviewed, for this, (1) that said assignment was sufficient in law to invoke the action of this court; (2) the error thereby pointed out was fundamental in its nature and should have been passed upon by this court, whether assigned or not. Hall v. Johnson, 40 S. W. Rep., 46; Willard v. Guttman, 43 S. W. Rep., 901; Siese v. Malsch, 54 Texas, 357; Berry v. Childress, 32 Texas, 371; Wetmore v. Woodhouse, 10 Texas, 33; Hollingsworth v. Holshausen, 17 Texas, 41; Harris v. Petty, 66 Texas, 514; 1 Texas, 529; 16 Texas, 13; 17 Texas, 47; 10 Texas, 33; 11 Texas, 577; Cooper v. Marchbanks, 22 Texas, 1.

The court erred in sustaining the general demurrer and special exceptions of defendant, St. Joseph's Orphan Asylum (except exception number 2), in its second amended original answer, filed herein April 15, 1903, contained, to this defendant's second amended suplemental answer, filed herein April 14, 1903, and thereupon ordering this cause to be dismissed as to said asylum. Unless a city connives at and assents to the maintenance of a nuisance it is entitled to indemnity from the perpetrator of the wrong. Gulf C. & S. F. Ry. Co. v. Galveston H. & S. A. Ry. Co., 83 Texas, 509; City of Galveston v. Gonzales, 25 S. W. Rep., 978; Fort Worth & D. C. Ry. Co. v. Allen, 39 S. W. Rep., 125; Smith v. City of San Antonio, 57 S. W. Rep., 882; Chicago v. Robbins, 2 Black (U. S.), 418; City of Brooklyn v. Brooklyn City Ry. Co., 47 N. Y., 475; Lowell v. Boston & L. R. Corp., 23 Pick., 24; Gridley v. City of Bloomington, 58 Ill., 47; Cooley on Torts, 144, 145; Bishop on Noncon. Law, secs. 535, 536; 7 Am. and Eng. Enc. of Law, 2 ed., 366 and notes; Thomp. on Neg., secs. 79, 1205.

The true rule seems to be that to take away the right of indemnity, as between parties primarily and secondarily liable for a tort, the latter must have been "conscious wrongdoers." Smith v. City of San Antonio, supra. In this case it will be seen that the asylum is alleged by the city to have created and maintained the nuisance complained of in violation of an obligation imposed by positive law, "without the knowl-

edge or consent of the city." Unless our courts are prepared to hold that contribution between tort feasors can never be exacted, it would seem that the case at bar is one in which the application of that rule is justified, if not required.

*P. H. Swearingen, H. C. Carter,* and *Perry J. Lewis,* for defendant in error Talerico.

*T. F. Shields,* for defendant in error St. Joseph's Orphan Asylum.— This appellee, St. Joseph's Orphan Asylum, excepts to appellant's first assignment of error and respectfully prays the court not to consider the same, for the following reasons:

1. Because said assignment is too general and indefinite and fails to point out any distinct and specific error in the ruling of the court below. Besides the general demurrer, the special exceptions referred to in said assignment are nine in number, all referring to different matters. 1 Sayles' Civ. Stats., art. 1018; Rules for Courts of Civil Appeals, 23-26; Rusher v. City of Dallas, 83 Texas, 151; Hansen 'v. Yturria, 48 S. W. Rep., 795-797; Marshall v. Atascosa County, 47 S. W. Rep., 680; Flewellen v. Fort Bend County, 42 S. W. Rep., 775; Gresham v. Harcourt, 50 S. W. Rep., 1058; Alford v. City of Dallas, 35 S. W. Rep., 817; Paschall v. Owen, 77 Texas, 585; Cooper v. Langway, 76 Texas, 124; Keowne v. Love, 65 Texas, 155; Cammack v. Rogers, 74 S. W. Rep., 945, 73 S. W. Rep., 795; Henry v. McNew, 69 S. W. Rep., 213; Western U. Tel. Co. v. Giffin, 65 S. W. Rep., 661; Cassidy v. Scottish-American Mort. Co., 64 S. W. Rep., 1023; Caldwell County v. Harbert, 68 Texas, 325.

2. Because this assignment presents and raises several separate and distinct questions, viz., the overruling of a general demurrer and nine special exceptions. Crain v. Huntington, 81 Texas, 616; Mitchell v. Mitchell, 84 Texas, 306; Harrison Machine Works v. Templeton, 82 Texas, 447; Blake v. Hamburg-B. Fire Ins. Co., 67 Texas, 166; Union Cent. Life Ins. Co. v. Chowning, 86 Texas, 54; Texas & P. Ry. Co. v. Donovan, 86 Texas, 379; Hughes v. Galveston H. & S. A. Ry. Co., 67 Texas, 597; Barrett v. Independent Tel. Co., 65 S. W. Rep., 1128.

3. This being an improper assignment of error can not be aided by the proposition advanced under it, but must stand or fall accordingly as it complies with the law and rules of court. Cannon v. Cannon, 66 Texas, 682; Jackson v. Cassidy, 68 Texas, 282; Cammack v. Rogers, 73 S. W. Rep., 795.

It is the duty of appellant, city of San Antonio, to keep its sidewalks in repair, and this duty can not be shifted by the city to the abutting land owner. City of Dallas v. Strayer, 73 S. W. Rep., 980; Lentz v. City of Dallas, 72 S. W. Rep., 59; City of Dallas v. Meyer, 55 S. W. Rep., 743; City of Dallas v. Jones, 54 S. W. Rep., 606, 53 S. W. Rep., 377; City of Galveston v. Posnainsky, 62 Texas, 118; City of Belton v. Turner, 27 S. W. Rep., 831; Klein v. City of Dallas, 71 Texas, 280.

Appellant having been guilty of negligence which caused or contributed to the injury of the plaintiff, as shown by the verdict of the jury, is not entitled to contribution from this appellee, the St. Joseph's Orphan Asylum. Galveston H. & S. A. Ry. Co. v. Nass, 57 S. W. Rep., 910; same case in Supreme Court, 59 S. W. Rep., 870.

All actions for injuries done to the person of another shall be prosecuted within two years after the cause of action shall have accrued, and not afterwards. 2 Sayles' Civ. Stats., art. 3354; 2 Dillon Mun. Corp., sec. 675, and note 1.

WILLIAMS, Associate Justice.—Willie Talerico, one of the defendants in error, brought this action against the city to recover damages for personal injuries received by him in stepping in a hole which the city had negligently allowed to exist in a sidewalk on one of its streets. The city caused the St. Joseph's Orphan Asylum to be made a party defendant and sought judgment over against it in case plaintiff recovered. The pleading by which this was done appears to be full and specific in all its allegations. It will be sufficient for the purposes of this opinion to state that such pleading construed, as it must be, in connection with plaintiff's petition, fully alleged that the dangerous condition of the sidewalk was created by the action of the St. Joseph's Orphan Asylum, and that the injury for which plaintiff sought to recover was caused by its negligence in making the sidewalk with the hole in it, and the bridge by which the hole was hidden from plaintiff, in consequence of which he stepped into it, and that this was done without the knowledge or consent of the city. It also set up ordinances by which it was made the duty of lotowners to keep the sidewalks in front of their property in repair, and subjected such owners to prescribed penalties for not repairing sidewalks within a given time after notice to do so; and also made it unlawful for any person to place obstructions in streets, etc. St. Joseph's Orphan Asylum, to this pleading, answered by general demurrer, and ten further exceptions, styled by the pleader special exceptions. The general demurrer and all special exceptions, except the one setting up limitation, were sustained, this defendant was dismissed from the case, and plaintiff recovered judgment against the city. Upon appeal the Court of Civil Appeals refused to consider the assignment of error made by the city attacking the ruling in favor of St. Joseph's Orphan Asylum, and affirmed the judgment in favor of plaintiff against the city.

In its application for writ of error the city has assigned many rulings made in the trial between it and plaintiff, and also the action in the court below in favor of St. Joseph's Orphan Asylum. We have examined all of the points urged and see no reason to disturb the judgment in favor of the plaintiff.

The assignment of error made in the Court of Civil Appeals against the St. Joseph's Orphan Asylum was to the "sustaining the general demurrer and special exceptions" of that party and dismissing the cause

as to it.   We may concede that this is too general to require the court
to consider any ruling to present which an assignment of error is neces-
sary.   But it is the practice of the appellate courts to consider, without
assignment, rulings of the trial court which are "fundamental in char-
acter," or which determine "a question upon which the very right of
the case depends."   Wilson v. Johnson, 94 Texas, 276.   It has always
been regarded as proper for the appellate court, before affirming a judg-
ment, to see that the petition states a good cause of action, since nothing
short of that will sustain a judgment in favor of a plaintiff.   Dean v.
Lyons, 47 Texas, 18; Browne v. Johnson, 29 Texas, 40.   It is true that
this court has said in a number of its opinions that assignments of error
specifying the overruling of general and special exceptions of which
there were several were too general.   But we think it may be safely
assumed that in such cases the pleadings were regarded as sufficient to
sustain the judgments based upon them, and that all that was meant
was that the assignments were insufficient to raise any question requir-
ing an assignment.   Were it otherwise, those decisions would be in con-
flict with the practice established by many others.   If the overruling a
general demurrer going to the foundation of the action will be exam-
ined without an assignment, "it would seem to follow," as is well said
by Mr. Justice Fly in Hall v. Johnson, 40 S. W. Rep., 47, "that a judg-
ment sustaining a general demurrer, which is a declaration that no cause
of action exists, would be fundamental and therefore should be consid-
ered, although the error is not assigned."   The Court of Civil Appeals
were of the opinion that the rule referred to would not apply in this
case because there were, in addition to the general demurrer, special
exceptions which may have been properly sustained, and the merits of
which would only be examined under specific assignments of error.   But
the fact, if it existed, that special exceptions to the form and manner of
stating the cause of action were well taken, would not sustain a ruling
on general demurrer that plaintiff had no cause of action.   Everett v.
Henry, 67 Texas, 405; Porter v. Burkett, 65 Texas, 387.

   We think it clear that the general demurrer was improperly sustained.
The pleading showed that St. Joseph's Orphan Asylum was the original
and active perpetrator of the wrong for which the city, without partici-
pation therein but only by reason of its passive negligence, was sought
to be held responsible.   A case was made for impleading the party thus
primarily liable.   City of San Antonio v. Smith, 94 Texas, 266, and
authorities cited.   Most of the other exceptions were either mere repeti-
tions of the general demurrer or reasons assigned which, if well founded,
would have justified sustaining it.   What we have said answers most of
them.   We may remark, however, that the view of the pleading by
which it is held to show a cause of action is not based upon the charter
and ordinances of the city.   Whether or not, as alleged, they would im-
pose a liability of the character asserted, it is unnecessary to decide.
The view taken is based upon the general principles of law laid down
in the authorities cited, by which the active wrongdoer may be made to

indemnify one who has been subjected to, or is sought to be held liable for, damage through his wrong. This is enough to show that the general demurrer was improperly sustained.

St. Joseph's Orphan Asylum in the Court of Civil Appeals made a cross-assignment of error upon the overruling of the exception, invoking the two years statute of limitations. The pleadings showed that the injury to plaintiff happened more than two years before the filing of the answer of the city impleading the asylum. The ruling was correct. No limitation against the city ever commenced to run so long as it had no cause of action, and a cause of action could only arise in its favor when it sustained damage from the act of the asylum. According to the strict rules of the common law it could not have brought any other party into this litigation and could have maintained no independent action until the suit had terminated by judgment or it had paid the damages to plaintiff. Hence no limitation would have run against it. Inhabitants of Veazie v. Penobscot R. R. Co., 49 Me., 119. It is permitted by our law to bring into the suit against it the party whom it seeks to hold liable as an indemnitor in order that protection may be given to it by the same judgment that fixes its liability; but this does not make the limitation applicable to the cause of action if the plaintiff control its action over against the indemnitor. In bringing in another party it has no right to delay the suit of the plaintiff, to which such other party is not essential, and it is not at all necessary that the plaintiff's rights should be further involved in the litigation between the two defendants.

The judgment in favor of the plaintiff against the city may be affirmed, and that in favor of St. Joseph's Orphan Asylum may be reversed and the cause remanded for a trial of the issues between it and the city, without prejudicing the rights of any of the parties. City of San Antonio v. Smith, supra. It is accordingly so ordered.

*Affirmed in part and in part reversed and remanded.*