**EAST TEXAS PUBLIC SERVICE CO. v. JOHNSON et al. (No. 1123–5056.)**

Commission of Appeals of Texas, Section B. May 23, 1928.

1. Electricity ⚖➡17—Telephone company cutting electric service company's guy wire remaining on pole for 15 years was guilty of active wrongdoing, and negligence as between it and electric company.

Where telephone company permitted guy wire placed on pole by service company to remain for more than 15 years, it, by reason of such long acquiescence, consented to placing of wire, and by subsequently cutting wire and allowing it to fall and become entangled with charged electric wires of service company, without notice, was guilty of active wrongdoing, and negligence as between it and service company.

2. Contribution ⚖➡5—Active wrongdoer in case of two parties liable to another for tort is liable to indemnify one whose wrong is only passive.

Where two parties may be liable to another for tort, one by construction of law on account of omission of duty of protection or care owed, and the other because he was active perpetrator of wrong, the active wrongdoer is liable to indemnify one whose wrong was only passive.

3. Electricity ⚖➡19(11)—Evidence of telephone company's negligence in cutting service company's guy wire raised issue as to right of service company to recover over for injury resulting.

In action for injury by reason of electric shock from touching a stirrup or metal hook suspended from an electric light pole, evidence relative to negligence of telephone company in cutting a guy wire maintained by service company on its pole, without notice, thereby electrifying and transmitting current to such metal hook, *held* sufficient to raise issue as to right of service company to recover over from telephone company any amount recovered from it for such injury on theory that telephone company was active wrongdoer therein.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by R. E. Johnson against the East Texas Public Service Company, wherein defendant by way of cross-action impleaded the Southwestern Bell Telephone Company. Judgment for plaintiff and for the Telephone Company was affirmed by the Court of Civil Appeals (300 S. W. 975), and defendant brings error. Affirmed in part, and in part reversed and remanded.

F. H. Prendergast and George Prendergast, both of Marshall, and J. A. R. Moseley, Jr., of Texarkana, for plaintiff in error.

O'Neal & Harper, of Atlanta, for defendant in error Johnson.

Nelson Phillips and C. M. Means, both of Dallas, and King, Mahaffey & Wheeler, of Texarkana, for defendant in error South-Western Bell Telephone Co.

CRITZ, J. This suit was filed in the district court of Cass county, Tex., by appellee R. E. Johnson against East Texas Public Service Company, hereinafter called service company, to recover damages for personal injuries sustained by him on account of the alleged negligence of the service company. After the institution of the suit against it, the service company made Southwestern Bell Telephone Company, hereinafter called telephone company, a party, and sought recovery against it for any amount that Johnson might recover against the service company, on the allegation by the service company that the negligence of the telephone company was an active, proximate cause of the injury to Johnson, while the negligence, if any, of the service company, was merely passive.

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Johnson did not seek any recovery against the telephone company, but predicated his action solely against the service company. At the trial, therefore, a separate action was prosecuted by the service company against the telephone company.

At the conclusion of the evidence the trial court instructed a verdict in favor of the telephone company, and against the service company on the cross-bill of the service company, and submitted the case of Johnson against the service company to the jury on special issues. The jury found answers to the special issues submitted in favor of Johnson and against the service company, and also found a verdict in accordance with the instruction of the court, in favor of the telephone company on the cross-action of the service company, and judgment was entered in accordance with the above verdicts.

The service company appealed from both judgments to the Court of Civil Appeals, which court, in all things, affirmed the judgment of the trial court. 300 S. W. 975. The cause is now before this court on writ of error granted on application of the service company. The facts and issues of the case are fully stated by the Court of Civil Appeals in its opinion above cited, and we will not attempt to restate all of the issues of the case, but refer to the opinion of the Court of Civil Appeals for that purpose. However, some of the facts found by the Court of Civil Appeals and disclosed by the record are in substance as follows:

On February 25, 1926, Johnson was standing on Hiram street, in the town of Atlanta, in Cass county, Tex., talking with a Mr. Nunn. While standing there, he (Johnson) placed his hand on a stirrup or metal hook, six feet two inches from the ground, which was fastened to the electric light pole. This stirrup was used to fasten a cable, which at the time extended up the pole to a suspended street light, to raise and lower such light as occasion might require. Johnson, immediately on touching said stirrup, fell to the ground insensible, and was badly injured. He did not know, and could not see, that the stirrup was charged with electricity. The street or corner where Johnson was injured and where the pole and stirrup were located, was a public place in the town of Atlanta, where many people commonly passed and resorted for business and pleasure.

The evidence shows that the guy wire in question was the property of the service company, and that it had been guyed to the telephone pole of the telephone company for more than 15 years. The evidence is to the effect that the guy wire had been cut near where it was attached to the telephone pole, and had thereby fallen down and become entangled with the highly charged electric wires of the service company, and this guy wire had become electrified and transmitted the current to the top of the service com-

6 S.W.(2d)—22½

pany's pole, and had in turn transmitted the current to the suspension cable supporting the street light, and this suspension cable had in turn transmitted the current to the hand cable or hand chain at the point where Johnson came in contact with it.

[1] As above stated, the record further discloses that the service company had placed the guy wire in question on the telephone pole of the telephone company, where the telephone company had allowed it to remain without objection for more than 15 years, and we are of the opinion that by such long acquiescence the telephone company consented to such placing of such guy wire, and that it did not have the right to cut said wire, and thus allow same to fall down and become entangled with the highly charged electric wires of the service company without notice to the service company, and, in so doing, it was guilty of an act of active wrongdoing, and negligence as between it and the service company.

[2] It is the settled law of this state that, where two parties may be liable to another for tort, one by construction of law on account of omission of a duty of protection or care owed, and the other because he was the active perpetrator of the wrong, in which case the active wrongdoer is liable to indemnify the one whose wrong is only passive. City of San Antonio v. Smith & Hildebrand, 94 Tex. 266, 59 S. W. 1109; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518.

[3] The record in this case certainly raises the issue as to whether the telephone company cut the guy wire in question. If it did so without notice to the service company, and allowed such wire to fall down and become entangled with the highly charged electric wires of the service company, and thus produce the injury complained of by Johnson, such an act would certainly be positively and actively wrong. If the service company merely permitted the dangerous condition, which was primarily produced by the positive and active wrong of the telephone company in cutting the wire, to exist, or was negligent in failing to discover the condition, then, as between the service company and the telephone company, the telephone company would be the active wrongdoer and the service company the passive wrongdoer; and under such conditions, the service company would be entitled to recover from the telephone company such amount as Johnson recovered from the service company. The evidence as shown by the record and found by the Court of Civil Appeals certainly raises this issue as between the service company and the telephone company.

We have carefully examined all the assignments of plaintiff in error, the service company, touching the issues as between it and the appellee Johnson, and we are of the opinion that the Court of Civil Appeals has reach-

ed a correct disposition of this part of the case.

We therefore recommend that the judgment of the Court of Civil Appeals be reformed so as to affirm the judgment of the appellee Johnson; against the East Texas Public Service Company, and that the judgment in favor of the telephone company and against the service company on the cross-bill of the service company against the telephone company be reversed and remanded .to the district court for a new trial.

. CURETON, C. J. Judgment of the Court of Civil Appeals in part affirmed, and in part reversed and remanded, as recommended· by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.