GULF, COLORADO & SANTA FE RAIL-
WAY COMPANY, Appellant,

v.

George H. BLISS et al., Appellees.

No. 6369.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 13, 1962.

Rehearing Denied Oct. 3, 1962.

Chilton O'Brien, King, Sharfstein & Rienstra, Beaumont, for appellant.

Alvin E. Wiggins, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

Our opinion of June 28, 1962 is withdrawn and the following substituted in lieu thereof.

This action was instituted by appellee George H. Bliss and 16 other residents of what is known as Hawthorn Place Addition in the City of Beaumont, against appellant, Gulf, Colorado & Santa Fe Railway Company, and against City of Beaumont. The purpose of the suit was to recover damages on account of the flooding of appellees' homes because of lack of alleged drainage facilities in and adjacent to Hawthorn Place in September, 1958, after heavy rainfall in the area. Santa Fe and City each filed separate answers asserting that its action was not violative of any law and was not negligent under the circumstances and each claimed indemnity and contribution by way of cross-action from the other.

Hawthorn Place is a new addition, planning in 1953 and construction and development thereof began in 1954. It lies immediately west of and adjacent to appellant's right of way. This railroad runs slightly west of north but for the purposes

hereof, it will be considered as running north and south. Just east of and parallel to the railroad is Helbig Road, a public thoroughfare.

The homes of appellees are along Spencer Drive in said addition and this is the first street in the addition west of the railroad right of way. Part of these homes are on the west side of Spencer Drive and part on the east.

The natural flow of surface waters in the area is from west to east toward the Neches River. The engineer who laid out Hawthorn Place and designed its drainage requirements proposed the following for outfall facilities to move the surface waters from the affected area: (1) With permission of the railway company a new ditch referred to in the evidence as the "Hawthorn Place Outfall ditch" should be constructed north from the railway company's bridge 4.4 along the side of and parallel to its right of way for a distance of some 1,600 feet. This bridge is a railway company bridge situated near the southeast corner of Hawthorn Place Addition. (2) A ditch known as the "23rd Street ditch" should be deepened, widened and extended. This ditch extends from 11th Street (which runs north and southwest of the affected area), northwardly, then bears easterly, and southerly touching the easterly part at the south boundary of said addition, thence to said bridge 4.4, and thence extends eastwardly to the Neches River marshes. The last section of the "23rd Street ditch" from bridge 4.4 to the marshes, was to be the main outlet for surface waters in the involved area. In addition to these drainage facilities for the addition, the City proposed to widen, deepen and otherwise improve a ditch identified in the evidence as the "Woodlawn" or "Clara Baldwin" ditch. This was the ditch which would extend and bring water from the addition known as Woodlawn northwardly along the west side and adjacent to the right of way of the railway company to its junction with the "23rd Street ditch" and "Hawthorn Place

Outfall ditch" at bridge 4.4. With some modification, these facilities were carried out as planned.

The cause was tried to a jury and upon its verdict, the court rendered judgment in behalf of appellees against Santa Fe for the total of $35,811.13, and refused to allow Santa Fe indemnity or contribution against the City. From this judgment Santa Fe has appealed. Appellant Railway Company will hereinafter be referred to as Santa Fe and the City of Beaumont will be referred to as City.

In conformity with the allegations of the plaintiffs' second amended original petition, the jury found the following acts of omission constituted negligence by Santa Fe, each of which proximately resulted in the plaintiffs' damages:

In permitting old piling and timber to remain under bridge 4.4 on September 20, 1958. (Issue 7)

Failure to provide an adequate culvert or sluice for the necessary drainage of surface water as the natural lay of the land required from the area of the plaintiffs' homes. (Issue 10)

Failure to widen the ditch beneath bridge 4.4. (Issue 15)

Favorably to Santa Fe, the jury found:

Santa Fe did not fail to maintain the necessary culverts or sluices as the natural lay of the land required for the necessary drainage of the area of plaintiffs' homes. (Issue 1)

Santa Fe's failure to deepen the ditch beneath bridge 4.4 was not negligence. (Issue 13)

Santa Fe obstructed the natural flow of surface waters from the west to the east of its railway embankment, but such act was not negligence. (Issues 17, 18)

Digressing here it is perhaps well to say that there are no contentions under the circumstances of conflicting answers in the verdict.

As against City in the same petition, plaintiffs charged the following acts by City to be negligence and a proximate cause of plaintiffs' damages:

a. Failing to dig a drainage ditch parallel to the railroad to a deeper depth as shown by facts and circumstances (Hawthorn Place Outfall ditch).

b. In failing to give a greater fall to said ditch than the two other ditches converging at bridge 4.4.

Ultimately, the plaintiffs did not seek the submission of any issues against City under these allegations.

The allegations of City in its cross-action against Santa Fe were essentially the same as those pleaded by the plaintiffs against Santa Fe. Additionally, City sought indemnity or contribution against Santa Fe.

In its cross-action against City seeking indemnification or contribution, Santa Fe pleaded that the City, by its construction, control and maintenance of the 23rd Street ditch, the Hawthorn Place Outfall ditch and the Woodlawn ditch, had caused to be collected at bridge 4.4 a much greater quantity of water than would have been collected there by the natural lay of the land, and a quantity of water so great that it backed up into Hawthorn Place, said acts being *the sole cause* of plaintiffs' damages. (All italics in the opinion ours)

Santa Fe also alleged that at all times material the City knew or should have known that it was bringing more water to bridge 4.4 than it could care for, and should have advised Santa Fe of any inadequacy in the opening in bridge 4.4; that its failure to do so was negligence and *the sole cause* of the flooding of plaintiffs' homes.

It is to be noted that Santa Fe failed to allege that any of the acts of City were the *proximate cause* of plaintiffs' damages.

In connection with the foregoing allegations of Santa Fe's cross-action against the City of Beaumont, the jury found:

On September 20, 1958, there was caused to be collected by the City in the 23rd Street

ditch at the point of intersection with Hawthorn Place Outfall ditch and the Woodlawn ditch, upstream from bridge 4.4, a larger quantity of water than would have been collected at such point by the natural lay of the land; that such collection of water on September 20, 1958, was negligence; that such negligence *was not the sole proximate cause* of the flooding of plaintiffs' homes. (Sp. Issues 33, 34, 36)

That prior to September 20, 1958, the City failed to inform the Railway Company that the quantity of water which would be collected at the opening beneath bridge 4.4 following intense and heavy rain exceeded the capacity of said opening to carry such water; that such failure to inform the Railway Company was negligence; that such negligence *was not the sole proximate cause* of the flooding of plaintiffs' homes. (Issues 42, 43, 45)

Additionally, it was found by the jury:

That the opening beneath bridge 4.4 was sufficient as the natural lay of the land required for the necessary draining thereof before the construction and development of Hawthorn Place, the digging of the Hawthorn Place Outfall ditch, the cleaning, deepening and widening of the 23rd Street ditch, and the cleaning, deepening and widening of the Woodlawn ditch. (Issue 39)

That the City knew or in the exercise of ordinary care should have known prior to September 20, 1958, that the quantity of water which would be collected at the opening beneath bridge 4.4 following intense and heavy rain exceeded the capacity of said opening to carry such water. (Issue 40)

After the jury had returned its verdict, the plaintiffs moved for judgment against the defendants or either of them in the total amount of $35,811.13. The City of Beaumont moved for judgment in its favor, both as to plaintiffs and on defendant Santa Fe's cross-action, to disregard certain special issues, and for judgment non obstante veredicto. Santa Fe moved for judgment on the verdict of the jury, for judgment on its cross-action against the City for indemnity, and in the alternative for judgment against the City by way of contribution for one-half of any sums adjudged in favor of plaintiffs; and that judgment, if in favor of plaintiffs, be rendered jointly against City of Beaumont.

In disposing of these motions, the court awarded plaintiffs damages in the total amount of $35,811.13, with recovery solely against Santa Fe. It granted City's motion for judgment on the verdict with respect to the cross-action of Santa Fe. All other motions were denied.

No motion for new trial was filed. This appeal is taken under Rule 324, Texas Rules of Civil Procedure, Santa Fe, now appellant, having made motion for judgment on the verdict, which motion was overruled.

In conformity with its motion for judgment on the verdict, the substance of Santa Fe's two points of error are:

(1) The error of the court in denying Santa Fe judgment against City for full indemnity; (2) the error of the court in denying Santa Fe judgment for contribution by the City to the extent of one-half the sums adjudged in favor of plaintiffs, the evidence and findings of the jury having established as a matter of law that the acts of City were a proximate cause of the plaintiffs' damages.

The essence of Santa Fe's contentions for indemnity is (1) that its negligence was only of a passive nature while the negligence of City was of an active nature; (2) that even though it and City may have violated a duty each owed to the plaintiffs, nevertheless the findings of the jury establish that City also violated a duty it owed to Santa Fe; (3) that notwithstanding Santa Fe's negligence City, being aware of the plaintiffs' *perilous situation, committed the negligent acts as found by the jury.*

On the other hand, the substance of City's contention under its three counterpoints is (1) that Santa Fe violated duties it owed to City; (2) that the acts of City caused no damage to Santa Fe; (3) that a judgment in favor of Santa Fe would be without support in its pleadings or the findings of the jury. This last contention of City will be discussed in a latter part of the opinion.

Under the common law, as a general rule, joint tortfeasors have no right of indemnity among themselves. That rule rests on considerations of public policy, it being against the policy of the law to adjust equities between wrongdoers, or to allow a person to found an action on his own wrong. 18 C.J.S. Contribution § 11, p. 15. However, it is often said that the rule does not apply where the joint tortfeasors are not in pari delicto as to each other, as where the injury resulted from a violation of the duty one owes the other. Gulf, C. & S. F. Ry. Co. v. Galveston, H. & S. A. Ry. Co., 83 Tex. 509, 18 S.W. 956; City of San Antonio v. Smith, 94 Tex. 266, 59 S.W. 1109; City of San Antonio v. Talerico, 98 Tex. 151, 81 S.W. 518; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; Austin Electric R. Co. v. Faust, Tex. Civ.App., 133 S.W. 449; City of Weatherford Water, Light & Ice Co. v. Veit, Tex. Civ.App., 196 S.W. 986; 18 C.J.S. Contribution § 11, p. 16.

 Under Article 2212, Vernon's Ann.Civ.St., in order to relieve the rigor of the common law, the rule was modified and enlarged so as to allow enforced contribution among joint tortfeasors who are in pari delicto as to each other, and thereby place the burden equally upon all solvent tortfeasors. Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005; Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824; East Texas Public Service Co. v. Johnson, Tex.Com.App., 6 S.W.2d 344. The statute further provides that it shall have no application where the right of contribution or indemnity existed under the common law. This does not mean that the statute abrogates the common law rule as to the rights of wrongdoers who are not in pari delicto with each other. Thus, where the parties are not equally guilty, the principal delinquent may be held responsible to a co-delinquent for damages paid by reason of the offense in which both participated in different degrees as perpetrators. *In most of the instances, however, in which that situation has arisen, there was no concerted action*, and one of the tortfeasors has breached a duty he owed both to his co-tortfeasor and to the injured third person; and under such circumstances, though both are liable to the injured third person, as between themselves the blameless should be allowed indemnity. In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor. Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563.

With these principles in mind, we seek to determine whether or not either party here is entitled to indemnity of the other and, if not, whether or not Santa Fe is entitled to contribution from City.

Article 6328, Vernon's Ann.Civ.Statutes of Texas, provides: "In no case shall any railroad company construct a *roadbed* without first constructing the *necessary culverts or sluices* as the natural lay of the land requires, for the necessary drainage thereof."

City asserts the findings of the jury conclusively establish that Santa Fe violated the duty imposed by such statute, both as to it and plaintiffs. However, we cannot sustain the contention.

Special Issue No. 1 and the answer thereto is:

"From the preponderance of the evidence, do you find that the defendant, Gulf,

348

Colorado & Santa Fe Railway Company, on or about September 20, 1958, failed to maintain *its roadbed* with the *necessary culverts or sluices* as the natural lay of the land required for the necessary drainage of the surface waters of the area within the Plaintiffs' homes are located? Answer: No."

Special Issue No. 10 and the answer thereto is:

"From the preponderance of the evidence, do you find that the defendant, Gulf, Colorado & Santa Fe Railway Company, on or about September 20, 1958, failed to provide an *adequate culvert or sluice,* for the necessary drainage of the surface waters, as the natural lay of the land required, if any, from the area in which the plaintiffs' homes are located? Answer: Yes."

Notwithstanding the similarity of these two issues and the answers thereto (neither party attempts to distinguish the similarity in their briefs) it appears to us that Special Issue No. 1 more nearly conforms to the wording of the statute, inasmuch as such issue refers to *necessary culverts or sluices* of the railroad roadbed; whereas Special Issue No. 10 poses the question of *adequate* culvert or sluice. Also, we believe Special Issue No. 10 is properly distinguished by reading it in conjunction with Special Issue No. 7, supra, whereby the jury found Santa Fe negligent in permitting old piling and timber to remain under bridge 4.4. It is to be noted that Special Issue No. 10 refers to culverts or sluices in the singular, indicating that although they believed that Santa Fe in the first instance did not fail to maintain its roadbed with the necessary culverts or sluices, yet in answer to Special Issue No. 10 they believed that by allowing timber and piling to obstruct the sluice or culvert at bridge 4.4, that the same was not adequate for the necessary drainage of the surface waters.

■ We are of the opinion that City is bound by the finding of the jury in answer to Special Issue No. 1. As hereinabove

stated, the City's motion for judgment on the verdict of the jury as to Santa Fe's cross-action against it was granted by the court. The general rule is that the granting of a party's motion for judgment on the verdict of the jury, absent an alternative motion for judgment notwithstanding the verdict, constitutes an affirmance of the verdict by the moving party. 4 McDonald T.C.P., p. 1414, and authorities there cited. True City had filed its motion for instructed verdict at the close of the evidence, and simultaneously with its motion for judgment on the verdict, it filed a motion for judgment notwithstanding the verdict. However, there can be no argument that the motion N.O.V., was too general in itself to raise the question of no evidence to support Special Issue No. 1, and the motion for instructed verdict did not itself raise the question and we may not here consider it. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887.

Nevertheless, if it were conceded that either party breached a duty it owed to the other, we perceive no basis upon which either could recover indemnity against the other within the meaning of the rule referred to in Austin Road Co. v. Pope, supra.

Nor, do we sustain Santa Fe's first and third contentions for indemnity as heretofore outlined. We do not sanction the doctrine of active versus passive negligence in the circumstances of this case, and Santa Fe's theory of discovered peril has been expressly repudiated by Courts of Civil Appeals in the two recent cases of Kimbriel Produce Co. v. Mayo, 180 S.W.2d 504, writ ref. w. m., and Texas Bus Lines v. Whatley, Tex.Civ.App., 210 S.W.2d 626, n. r. e.

■ To the contrary, it is our considered opinion that the record reflects that Santa Fe and City were equally culpable in bringing about the flooding of plaintiffs' homes, they stand in pari delicto and neither is entitled to indemnity; therefore, under the authority of the Austin Road Company case, supra, each would ordinarily have to

bear its proportionate part of plaintiffs' damages.

■ However, we are now met with City's contention that inasmuch as Santa Fe failed to plead that any of City's acts of negligence were a proximate cause of plaintiffs' damages, judgment in favor of Santa Fe against City for contribution would be erroneous. Though we sustain this last contention of City, we feel we must further extend this opinion by stating, in substantial detail, the basis for Santa Fe's contentions to the contrary.

First, it urges, in substance, that its cross-action was broad enough to apprise City that it was charged with being a joint tort-feasor whose negligent acts proximately contributed to the plaintiffs' damages and of whom contribution was sought under the provisions of Article 2212, supra. Essentially, it contends that proof under its allegations of sole cause in regard to City's acts of negligence necessarily required proof, which was made, that City's acts were a proximate cause. It also refers to this statement in its cross-action:

"In the event that this defendant, Gulf, Colorado & Santa Fe Railway Company, is liable to the plaintiffs in this cause in any amount, then it is entitled to a judgment against the said City of Beaumont, defendant herein, for the full amount of same, *or in any event it is entitled to a contribution* from the City of Beaumont for one-half of said amount." Thus, Santa Fe pleaded for contribution. It pleaded sole proximate cause, and inasmuch as proof of either necessitates proof of proximate cause it asserts that it sufficiently charged that City's acts of negligence were the proximate cause of plaintiffs' damages.

We overrule such contention on the basis that Santa Fe was bound by its specific allegations of "sole cause", and that such allegations control over any implication of an intendment to plead "proximate cause" as might be inferred by the allegation regarding contribution. We are of the opinion that Santa Fe's cross-action amounted to no pleading at all for contribution. Fenley et al. v. Ogletree et al., Tex.Civ.App., 277 S.W.2d 135.

Even so, Santa Fe contends that it should have the benefit of certain allegations contained in the second amended original petition and a trial amendment of plaintiffs, each of which charged City with acts of negligence which proximately caused plaintiffs' damages. In this connection it relies heavily upon the case of Goldstein Hat Mfg. Co. v. Cowen, Tex.Civ.App., 136 S.W.2d 867, which decision shall be discussed hereinafter.

As hereinabove noted in stating the various allegations of the pleadings of all parties herein, the plaintiffs in their second amended original petition upon which trial was had, did not seek to recover judgment from City upon the same theory as did Santa Fe. Recapitulating for convenience, the plaintiffs' charge against City was that it failed to dig a certain drainage ditch to a deeper depth, and in failing to give a greater fall to said ditch than it did to two other ditches converging at the same point, and that these failures were negligence and a proximate cause of the flooding of plaintiffs' homes. On the other hand, the charge made by Santa Fe was that City caused a greater accumulation of water at bridge 4.4 than would have accumulated there by the natural lay of the land, and City's failure to inform Santa Fe of the inadequacy of the opening at bridge 4.4; that this act and this omission was the sole proximate cause of plaintiffs' damages. Thus two different theories of recovery against City were advanced. Santa Fe's theory of causation was directly opposed to that of the plaintiffs. It was not entitled, simply by reason of plaintiffs' pleadings, to a finding by the court that the acts of negligence with which it had charged City were a proximate cause of plaintiffs' damages, thereby entitling it to judgment for contribution against City. Santa Fe could only recover upon the strength of its own

pleadings. The contention to the contrary is overruled. New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488; Missouri, K. & T. Ry. Co. of Texas v. Kennon, Tex.Civ.App., 164 S.W. 867; Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130.

The holding in the Goldstein case, supra, upon which Santa Fe relies is distinguishable on the facts. There both co-defendants' acts were found equally negligent, *proximately resulting in plaintiffs' injuries,* under primary facts both plead and relied upon by the plaintiff for recovery.

Plaintiffs' trial amendment, above referred to, in substance adopted Santa Fe's pleading in respect to control by City of the ditches, and its negligence in the accumulation of water at bridge 4.4, alleging that this was a proximate cause of the plaintiffs' damages. The court subsequently granted leave to plaintiffs to withdraw this trial amendment over the objection of Santa Fe. However, no motion for new trial was made to this action of the trial court and complaint thereof has been waived. Suffice it to say, however, the record reflects the trial court's action to have been based upon justice and sound reasoning, a discussion of which would serve no useful purpose.

Lastly, Santa Fe asserts that the jury answers to certain damage issues to the effect that the negligence of City proximately caused the flooding of plaintiffs' homes entitles it to judgment on the verdict for contribution from City.

Should such general findings by the jury in response to damage issues be ordinarily entitled to any weight, they are not in the circumstances for the reason that City properly objected to the submission of the same upon the ground that there were no pleadings to support the causation elements therein contained. Hence, it cannot be held that City tried such issues by consent. Harkey v. Texas Emp. Ins. Ass'n., 146 Tex. 504, 208 S.W.2d 919 (S.Ct.)

Judgment affirmed.