**Sandra KELLEY, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. Civ.A. 1:01–CV–740.**

United States District Court, E.D. Texas, Beaumont Division.

Aug. 2, 2002.

John H. Seale, Seale Stover & Bisbey, Beaumont, TX, for plaintiffs.

Karen Lee Spivey, Mark William Frasher, Pate & Dodson, Beaumont, TX, for defendant.

## MEMORANDUM OPINION
## and ORDER

COBB, District Judge.

Before the court is Third–Party Defendant Enviro–Kleen Enterprises's Motion to Dismiss [Dkt. # 20], and the court having reviewed the motion and response on file is of the opinion that the motion be DENIED.

Sandra Kelley originally filed suit against Wal–Mart Stores, Inc. in Texas state court on September 28, 2001, alleging she slipped and fell at the defendant's Jasper, TX store. Wal–Mart removed the case to federal court and filed its answer on October 23, 2001. On February 6, 2002, within the time provided for adding parties according to this court's Docket Control Order, Wal–Mart filed a motion seeking leave to file a third-party complaint against Enviro–Kleen Enterprises ("Enviro"). The court signed an order granting Wal–Mart leave to file the third-party complaint that same day.

On May 15, 2002, Enviro filed an answer to Wal–Mart's third-party complaint and a motion to dismiss Wal–Mart's complaint. In this motion, Enviro asserted that Wal–Mart's claims for contribution and indemnity were barred by Texas's two-year statute of limitations. Enviro asserted that the alleged accident occurred on September 29, 1999, that Wal–Mart filed its answer on October 23, 2001, and that Wal–Mart filed its third-party complaint on February 6, 2002. Enviro argued that pursuant to Tex.Civ.Prac. & Rem.Code § 33.004(d) the third-party claims were not filed on or before 30 days after the date Wal–Mart's answer was filed, and therefore Wal–Mart's claims should be dismissed with prejudice.

■ This court does not agree. Texas courts have long held that the limitation period of a defendant's contribution or indemnity claim against a third-party defendant and the limitation period for the plaintiff's claims against these defendants are not connected, but rather that an action for indemnity or contribution does not accrue for limitation purposes until the plaintiff recovers damages or settles with a defendant. *City of San Antonio v. Talerico*, 98 Tex. 151, 81 S.W. 518, 520 (1904); *see also Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 211 (Tex.1999); *Koonce v. Quaker Safety Prods. & Mfg.*, 798 F.2d 700, 714 (5th Cir.1986). Thus, the fact that Wal–Mart filed its third-party complaint more than two years after Ms. Kelley's alleged slip and fall occurred is irrelevant to the issue of whether Wal–Mart's indemnity and contribution claims are barred by limitations. Quite clearly, an action for indemnity or contribution does not accrue for limitation purposes until a plaintiff recovers damages or settles with a defendant. *Koonce*, 798 F.2d at 714.

■ Enviro argued that section 33.004(d) of the Texas Civil Practice and Remedies Code required Wal–Mart to have filed its claims against Enviro on or before 30 days after the date Wal–Mart's answer was required to be filed. Section 33.004(d) reads in relevant part: "A third party claim by a defendant under this section may be filed, even though the claimant's action against the responsible third party would be barred by limitations, if the third party claim is filed on or before 30 days after the date the defendant's answer is required to be filed." This provision describes when a defendant may join responsible third parties to an ongoing civil action. The provision does not state that a defendant's indemnification or contribution claim would be barred if the defendant does not join responsible third parties to the present suit. Section 33.004 is merely a joinder statute that describes when a responsible third party may be

joined to an on-going civil action. As such, if this were a Texas state court, Enviro's use of section 33.004 with respect to the propriety of allowing Wal–Mart to file a third-party complaint at the time at which Wal–Mart attempted to join Enviro to this litigation might have some merit.

However, Federal Rule of Civil Procedure 14(a) also describes when a defendant may join responsible third parties to an on-going civil action and according to Federal Rule of Civil Procedure 1, "[t]hese rules govern the procedure in United States district courts in all suits of a civil nature...." Accordingly, this court may follow Federal Rule of Civil Procedure 14(a) for determining whether Wal–Mart may join Enviro as a third-party defendant to this action. Under Rule 14(a), Wal–Mart properly joined Enviro to this litigation. Because Texas law authorizes contribution and indemnity actions against liable defendants, *see* Tex.Civ.Prac. & Rem.Code §§ 33.016 and 33.017, and because the Texas statute of limitations for these types of actions do not begin to run until a plaintiff recovers damages or settles with a defendant, *see Koonce,* 798 F.2d at 714, no substantive provisions of Texas law are being ignored by this court's ruling. *See, e.g., D'Onofrio Construction Co. v. Recon Co.,* 255 F.2d 904, 909–10 (1st Cir.1958); 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1446 (2d ed.1990) (calling this accommodation between state law and Rule 14 "sound"). It is, therefore,

ORDERED, that Third–Party Defendant Enviro–Kleen Enterprises's Motion to Dismiss [Dkt. # 20] is hereby DENIED.