Argued November 14, decided November 25, 1913.

# ASTORIA *v.* ASTORIA & COLUMBIA RIVER R. CO.*

(136 Pac. 645.)

**Contribution—Joint Tort-feasors or Parties in Pari Delicto.**

1. Joint tort-feasors, standing *in pari delicto*, cannot compel contribution, but the fact that the parties stand *in delicto*, each to the other, will not foreclose contribution.

[As to rule of *pari delicto*, see note in 113 Am. St. Rep. 724.]

**Municipal Corporations—Torts—Defect in Street.**

· 2. A city failing to perform its full duty by not requiring a street railroad to construct and maintain approaches to a crossing sufficient to protect the public, and in not seeing that proper barriers were placed along the tracks where injury was possible, was liable to a traveler, who in the exercise of due care was injured in consequence thereof.

[As to right of person injured by defective street, to recover from one who is bound by contract, statute or ordinance to keep street in repair, see note in Ann. Cas. 1913C, 217.]

**Indemnity—Recovery from Party Primarily Liable.**

3. Where a traveler recovered damages against a city for personal injuries from a defect in a street crossing, the city could recover over against the street railway company whose nonperformance of its duty to lay its tracks even with the grade and to keep the crossing in good condition and repair was the efficient and primary cause of the injury.

**Indemnity—Conclusiveness of Judgment Against Indemnitee.**

4. In an action by a city against a street railroad company to recover damages paid and expenses incurred in an action by a traveler for personal injuries from a defective street railroad crossing, the judgment in the action against the city was conclusive of the facts thereby established, and could not be litigated between the city and the company, if the latter was notified of the former action; the estoppel by judgment embracing all the issues determined thereby.

**Indemnity—Extent of Liability—Costs and Attorneys' Fees.**

5. A city entitled to indemnity from a street railroad company as the party primarily liable for personal injuries to a traveler could recover for the necessary costs and attorneys' fees in defending the action in which such recovery was had.

---

*On the question of the right of a municipality held liable for injury on highways to recover indemnity or contribution from one responsible therefor, see note in 40 L. R. A. (N. S.) 1165.

As to municipal liability for injury by use of highway by street railway, see note in 19 L. R. A. (N. S.) 521.   REPORTER.

Indemnity—Notice to Indemnitor to Defend—Sufficiency.

6.    Notice given by a city after suit brought against it for personal injuries caused by a defective street crossing, informing the city railway company primarily liable therefor that suit had been instituted, accompanied by a true copy of the ordinance requiring such notice to be given in writing, and alleging the company's duty to keep such crossing in repair, and that it would be expected to defend the action, was legally sufficient.

From Clatsop: JAMES A. EAKIN, Judge.

This is an action by the City of Astoria against the Astoria & Columbia River Railroad Company. The facts are concisely set forth in the opinion rendered for the court by Mr. Justice McNARY.    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carey & Kerr, Mr. Omar C. Spencer* and *Mr. Oscar Furuset,* with an oral argument by *Mr. Spencer.*

For respondent there was a brief over the names of *Mr. George C. Fulton* and *Mr. A. W. Norblad,* with an oral argument by *Mr. Fulton.*

Department 2.    MR. JUSTICE McNARY delivered the opinion of the court.

This action was instituted by plaintiff to recover over from defendant the amount of a judgment for a personal injury recovered by Annie Anderson against the plaintiff. In June, 1908, Miss Anderson commenced an action in the United States Circuit Court for Oregon, against plaintiff, to recover a judgment for damages in the sum of $20,000, which she alleged she sustained while walking along one of the streets within the confines of Astoria. The gravamen of her complaint is that during the month of and prior to September, 1907, Eleventh Street was an improved public thoroughfare running north and south through the city; that the portion of the street where the accident occurred was improved by the construction of an elevated roadway

about 15 feet above the Columbia River; that during the year 1906 the municipality granted a right of way to defendant, to construct, operate and maintain a line of railway over and across Eleventh Street; that, seasonably following such grant, defendant constructed its line of railway across the street; that in the construction thereof the railroad company placed its rails above the elevated street about 18 inches; that the grant to the company embraced a way 50 feet in width; that in constructing its line the railroad company built an approach or apron on either side of its track, starting at the level of the street and gradually rising until the approach came in line with the top of the rails of the railroad track; that, while this approach extended across the entire width of the street on the south side, it only covered a portion of the street on the north side, leaving on either side a perpendicular descent of about 18 inches; that no barrier was placed on the sides of the approach to protect the unwary from falling therefrom; that at nightfall on September 2, 1907, while moving along the street, and exercising due care, she fell from the apron or approach at a point about one foot north of the north rail of the railroad track, sustaining serious injuries. Promptly after the institution of the suit and service of process upon the plaintiff, the defendant was apprised thereof, and notified that it was primarily liable for the casualty to Miss Anderson. Receiving no word from defendant, the city appeared by answer and presented these issues: (1) It denied the accident *in toto;* (2) it denied that the place where the injury occurred was a street, but averred, on the contrary, that the *locus* was the private property of the railroad company, and for that account the city owed Miss Anderson no duty to keep the place in repair; and, lastly, that if she received any injury, it was through her own carelessness and negligence.

After the issues had been formed by the pleadings and in the latter part of October, 1908, the city caused the following notice and resolution to be served upon the railroad company:

"The City of Astoria, Clatsop County, Oregon.
"Astoria, Oregon, Oct. 28, 1908.
"To the Astoria & Columbia River Railroad Company—
"Gentlemen: Acting under instructions from the common council of the city of Astoria as per resolution herewith, I respectfully inform you that an action has been instituted against the city of Astoria by one Miss Annie Anderson, to recover the sum of $20,000 as the damages alleged to have been caused by a fall on the right of way of the A. & C. R. R. Co., said action is now pending in the United States Circuit Court for the District of Oregon, and of this take due notice. I am,
"Very respectfully yours,
"[Signed]   O. Anderson,
"Auditor and Police Judge."

Resolution introduced by Councilman W. C. Logan: "Be it resolved by the common council of the city of Astoria: That the auditor and police judge of the city of Astoria be and he is hereby instructed to inform the Astoria & Columbia River Railroad Company in writing, that there has been instituted against the city of Astoria by one Miss Annie Anderson, an action in the United States Circuit Court for the District of Oregon, to recover the sum of $20,000 as damages alleged to have been caused by a fall on the right of way of the Astoria & Columbia River Railroad, and that as it was the duty of the said Astoria & Columbia River Railroad Company to keep said right of way in repair, the said Astoria & Columbia River Railroad Company will be expected to take notice of said action and properly defend the same."

"State of Oregon, ss.:
County of Clatsop—

"I, Olof Anderson, auditor and police judge of the city of Astoria, hereby certify that the foregoing is a true and correct transcript of a resolution adopted by the common council by unanimous vote of said body at its meeting held on the 19th day of October, 1908, said resolution being on file in my office, to which I have hereunto set my hand and the seal of the City of Astoria, Oregon, this, the 29th day of October, A. D. 1908.                [Signed]   O. Anderson,
"Auditor and Police Judge."

The case was tried June 23, 1909, and eleven days prior thereto the city again notified the railroad company of the pendency of the action and the day appointed for the trial. No heed was given by the company to any of the notifications. Miss Anderson recovered judgment for $5,000.

On November 28, 1911, plaintiff filed a complaint against the defendant which alleged, *inter alia,* that in December, 1895, plaintiff passed an ordinance granting to defendant a right of way upon and across certain streets in the City of Astoria, which franchise contained, among other provisions and restrictions, the following: " * * That said railroad, inclusive of switches and side tracks, shall not be constructed above or below the established grade of the street or streets where the same are traversed or crossed by said railroad switches and side tracks; that whenever any street or portion of street is used or occupied by said railroad, switches and side tracks shall be ordered improved by said city, the said railroad company shall improve, at its own expense, the said portion of said street and thereafter maintain same in repair and in the manner provided for the improvement of such street, so much thereof as shall be included between the rails of said railroad and within an area of three feet wide on each

side of said rails on the outside of the track except at
the crossings of cross streets, those running north and
south to the ship's channel, at which place said railroad
company shall improve said cross streets within the
boundary lines of this franchise whenever the said
cross streets shall be improved by the said city to the
boundary lines of the franchise hereby granted. * * * ''
Continuing, the complaint asserts: ''That at the time
said line of railway was constructed and at the time
of the adoption of said Ordinance No. 2026 and for
over ten years prior thereto the said Eleventh Street
was and has been and ever since has been and still is
a public street in said city from its north terminus to
its south terminus fully accepted by the said city and
improved and used and employed by the public as such,
and said City of Astoria has at all times maintained
full and complete jurisdiction thereover as such street;
and it was the duty of the said defendant under said
Ordinance No. 2026 and under the laws of the State of
Oregon, to construct and maintain the said Eleventh
Street within the said right of way of the said defend-
ant's line of railway and the crossing of its line of rail-
way thereover in a reasonably safe condition for travel,
but the said defendant in the construction of its said
crossing and its said line of railway over said Eleventh
Street wholly failed to and did not exercise any care
or caution whatever, and did not make said street
within its right of way or at its crossing reasonably
or at all safe from travel, and so carelessly and negli-
gently conducted itself in that regard that it carelessly
and negligently built and constructed its roadbed over
18 inches above the street grade of said Eleventh Street
and over 18 inches above the decking and grade of said
street, and for the purpose of providing a means for
passage by the users of such street, travelers and
vehicles, said defendant carelessly and negligently
constructed an apron or approach leading from the

grade of said street and the planking and decking thereof from each side of its line of right of way crossing said street up to the top of the said railroad grade and the rails thereon and to an elevation of over 18 inches above the said Eleventh Street and the grade thereof, and carelessly and negligently did not construct such apron or approach the full width of such street, but carelessly and negligently left a space of over 3 feet in width and 18 inches in depth between the west end of said apron or approach and the west boundary line of said street, and in the construction of said apron or approach said defendant carelessly and negligently failed to and did not construct any railing, barrier, or barriers on either side of said apron or approach and ever thereafter carelessly and negligently maintained said crossing, apron, or approach without such railing or barrier as a protection to travelers on such street. That said crossing, apron and approach as constructed and maintained by defendant was dangerous to travelers on said street to those traveling thereon in the night-time, without railings or barriers on the sides thereof. That heretofore and on September 2, 1907, and whilst said crossing was so negligently maintained by defendant, one Miss Annie Anderson, a stranger in said City of Astoria, whilst lawfully traveling over said Eleventh Street and said crossing in the night-time as constructed and maintained by defendant as aforesaid, and whilst exercising due care and without fault on her part, fell from off said crossing on the west side thereof near the said railway track of said defendant aforesaid and about one foot north of the north rail thereof, and thereby received serious personal injuries, whereby her body was badly bruised, ligaments torn, and the surgical neck of her femur bone was thereby broken, whereby she became permanently injured, and suffered great physical pain, to her great injury and

damage, all of which was caused solely by reason of the carelessness and negligence on the part of the defendant in the construction of said approach and crossing as aforesaid and in maintaining the same, and the failure to construct and maintain on the sides thereof railings and barriers for the protection of travelers thereon and thereover. That the said place where the said Annie Anderson met with her said accident and for which she recovered the said judgment against plaintiff, as hereinbefore alleged, was on the said approach and crossing on the said line of railway of the defendant herein, which the said defendant was by law and said Ordinance No. 2026 required to keep and maintain in a reasonably safe condition, and it was the duty of the defendant to have constructed, on and along the outer sides of said apron, barriers or railings for the protection of travelers thereover, and said accident was caused solely on account of the carelessness and negligence of said defendant in the construction and maintenance of said crossing and its failure to maintain such barriers and railings. thereat. This plaintiff further alleges that this plaintiff defended said action brought by said Annie Anderson against the plaintiff aforesaid for the sole use and benefit of the said defendant, for that the said defendant was liable for all damages caused to or suffered by said Annie Anderson accordingly as aforesaid, and this plaintiff expended in defending said action for attorneys' fees and witness fees for witnesses on its behalf necessary to defend said action, together with court costs and officers' fees, the full sum of $1,063.80, all of which were laid out and expended for the sole use and benefit of said defendant, and said defendant derived the benefits thereof, for had not said action been defended a judgment would have been obtained against this plaintiff for the sum of $20,000 and costs

of said action. That all of said sums were expended during the month of July, 1909, and prior to the 8th day of July, 1909, and plaintiff is entitled to interest on said sums so expended at the rate of 6 per cent per annum from said 8th day of July, 1909, until paid."

Defendant, after denying each and every allegation in the complaint, alleged as a separate defense: "That if the said Miss Annie Anderson described in the complaint herein was injured in any manner whatsoever, she was not injured on Eleventh Street in the City of Astoria, or upon any street, alley or highway over which the City of Astoria had any jurisdiction, authority, or control."

The issues were concluded by a reply containing a general denial. The jury rendered a verdict in favor of plaintiff for a sum equal to that which the city was compelled to pay Annie Anderson, plus attorneys' fees and costs expended in defending the action.

Counsel for the respective parties litigant announced, at the time of making their excellent oral arguments, that but four points were controversial: (1) Was the notice given the railroad company of the institution of the action by Annie Anderson legally sufficient? (2) Can plaintiff recover from the defendant necessary costs and attorneys' fees in defending the action brought by Miss Anderson? (3) Did the trial court give the proper legal effect to the judgment obtained by Annie Anderson against the City of Astoria? (4) Did the city and the railroad company stand *in pari delicto* with respect to the injury suffered by Miss Anderson, and, if so, will the law support the action for indemnity? These questions will be considered in an order inverse to their introduction.

1. The paramount question here involved is whether plaintiff and defendant stand as tort-feasors in an equal decree with respect to the wrong which caused the injury to Annie Anderson. If so, confessedly,

plaintiff cannot maintain this action, as the rule is almost universal that joint wrongdoers standing *in pari delicto* cannot compel contribution. However, to work an inhibition, the parties must stand *in pari delicto,* and the fact that the parties stand *in delicto* each to the other will not foreclose contribution. This distinction, which rests in sound reason, was well stated many decades ago by Justice WILDE of Massachusetts, in *Lowell* v. *Boston & Lowell R. R. Corp.,* 23 Pick. (Mass.) 24 (34 Am. Dec. 33) : "Our law, however, does not in every case disallow an action, by one wrongdoer against another, to recover damages incurred in consequence of their joint offense. The rule is *in pari delicto potior est conditio defendentis.* If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offenses, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offense is merely *malum prohibitum,* and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrongdoers."

2, 3. In order accurately to determine whether plaintiff and defendant are joint tort-feasors standing *in pari delicto* in the commission of the act which produced the mishap to Annie Anderson, recourse must be had to the complaint filed by Miss Anderson, in the action against plaintiff herein. The pleading recites that the City of Astoria had, at a time prior to the accident, granted to the railroad company a right of way 50 feet in width on Eleventh Street; that in constructing its track the company laid its rails above the grade of the street about 18 inches which necessitated the placing of sloping aprons from the grade of the street

to a point in line with the top of the rails of the railroad track; that this apron only covered a portion of the street on the north side, leaving a perpendicular descent of about 18 inches; that no railing was placed along the sides of the apron to protect travelers from falling therefrom; and that the city was liable, for the reason that the apron was a dangerous structure, and that there was no barrier or railing to prevent plaintiff from falling.

From a *résumé* of the salient features of the declaration, it plainly appears that the active negligence charged is against the railroad company, while passive negligence only is laid at the feet of the municipality. All that is urged against the city is its failure properly to care for the safety of the traveling public, by not providing barriers along the street where the accident occurred. While the city failed to perform its full duty in not requiring the company to construct and maintain aprons sufficient to protect the public from harm, and in not seeing that proper barriers were placed along the track where injury was possible, and, for that account, was liable to Annie Anderson, yet that situation does not render the parties equally delinquent. The efficient and primary cause of the accident was the negligence of the company, while the subsequent negligence of the city in not enforcing obedience to the terms of the ordinance was constructive rather than actual. If, however, the city and the railroad company had, as a joint undertaking, constructed the railroad track above the street grade and left the thoroughfare in the dangerous condition which produced the injury to Annie Anderson, there could be no recovery over against the company, because there would be concurring and mutual negligence on the part of the city and the railroad company. According to the ordinance granting to the company the use of the street in question, it was the duty of the company to

lay its track rails even with the grade of the elevated street and to keep the street crossing in good condition and repair. A nonobservance of these provisions was the proximate cause of the accident, and by rule of law defendant is liable over the plaintiff for the damages sustained by Miss Anderson.

4. The next question to be considered concerns the legal effect to be given to the judgment obtained by Annie Anderson against the City of Astoria in the United States Circuit Court for Oregon. The lower court advised the jury that the judgment was conclusive evidence of the following facts: (1) That the street at the point where Miss Annie Anderson met with the accident in question was defective; (2) that Miss Annie Anderson was injured at a point about one foot north of the north rail of the railroad track crossing on Eleventh Street, and that she was injured there while exercising due care; (3) that the amount of the judgment recovered by Miss Annie Anderson against the city, namely, $5,000, was the amount of the damage that Miss Annie Anderson there sustained; and (4) that the point where Miss Annie Anderson met with the injury was a street within the City of Astoria. An examination of the pleadings in the original case reveals that the issues which the court told the jury were conclusive on defendant were all subjects of controversy therein. Consequently the judgment in that action is conclusive of the facts thereby established and could not again be the subject of litigation between plaintiff and defendant, if the latter was notified of the former action. The scope of the estoppel created by the judgment in the primary case embraces all of the issues determined by it. In *Oceanic Steam Nav. Co.* v. *Campania Transatlantica Espanola,* 144 N. Y. 663 (39 N. E. 360), the rule is thus stated: "It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim and that the action is

pending with full opportunity to defend or to partici-
pate in the defense. If he then neglects or refuses to
make any defense he may have, the judgment will bind
him in the same way and to the same extent as if he
had been made a party to the record.'' This doctrine
was approved by the Supreme Court of the United
States in *Washington Gaslight Co.* v. *District of
Columbia,* 161 U. S. 316 (40 L. Ed. 712, 16 Sup. Ct.
Rep. 564).

5. Can plaintiff recover from defendant judgment
for the necessary costs and attorneys' fees expended
in defending the action brought by Miss Anderson?
We think it can. No question is raised as to the legiti-
macy of the costs incurred by the city in defending the
action brought by Miss Annie Anderson, nor of the
value and efficiency of the legal services rendered the
city. We think these constituents are appropriate
items of damage for which plaintiff may claim indem-
nity. Plaintiff in its litigation with Miss Anderson
was compelled to defend the negligent acts of defend-
ant which gave birth to the accident, and for that
reason plaintiff is entitled to recover over from defend-
ant the reasonable and necessary costs incurred in such
defense including attorneys' fees: *Westfield* v. *Mayo,*
122 Mass. 100 (23 Am. Rep. 292); Sutherland, Dam-
ages, vol. 1 (3 ed.), § 83; *Town of Waterbury* v. *Water-
bury Terminal Co.,* 74 Conn. 152 (50 Atl. 3).

6. Lastly, was the defendant given such notice of the
pendency of the Annie Anderson action as renders the
judgment recovered therein conclusive against defend-
ant? The notices served upon defendant contained the
information that an action had been instituted against
the City of Astoria by Miss Anderson to recover the
sum of $20,000 alleged to have been caused by a fall
on the right of way owned by defendant, and that de-
fendant would be expected to make a proper defense
thereto. This court stated, in *Carroll* v. *Nodine,* 41

Or. 417 (69 Pac. 53, 93 Am. St. Rep. 743) : "Before an indemnitor can be expected to defend, he must have reasonable notice of the pendency of the suit or action by which he is to be bound, and afforded an opportunity to participate in or interpose such defense as he may desire; and it is only by complying with such conditions that the party to be indemnified can estop the indemnitor to controvert the matter anew upon an action against him upon the indemnity contract or obligation." We think a full opportunity was afforded defendant to defend the first action, and that the judgment is conclusive.

Believing no errors were committed, the judgment is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.