## SOUTHWESTERN BELL TELEPHONE CO. v. EAST TEXAS PUBLIC SERVICE CO. *
### No. 5914.

Circuit Court of Appeals, Fifth Circuit.
April 3, 1931.

*Rehearing denied May 4, 1931.

Nelson Phillips, of Dallas, Tex., and J. Q. Mahaffey, of Texarkana, Tex. (Jos. W. Jamison, of St. Louis, Mo., C. M. Means, of Dallas, Tex., and J. J. King, J. I. Wheeler, and C. E. Bryson, all of Texarkana, Tex., on the brief), for appellant.

James T. Casey, F. H. Prendergast and George Prendergast, all of Marshall, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

This was tort action begun by R. E. Johnson against the East Texas Public Service Company to recover damages for personal injuries sustained by him as a result of his coming into contact with a cable which was heavily charged with electricity. The cable was used by the service company for the purpose of raising and lowering an electric light at a street intersection, and was not designed or intended as a conductor of electric current. But it had become charged with electricity as a result of the cutting or breaking of a guy wire which theretofore had been fastened by the service company at one end to one of its electric light poles and at the other end to a telephone pole of the Southwestern Bell Telephone Company. The loose end of the guy wire fell down on the service company's wires that were charged with electricity, and thus contact was made with the cable which was used to raise and lower the street light. Johnson, while engaged in a conversation and standing on the street by the pole to which the cable was fastened by a metal hook about six feet above ground, inadvertently rested his hand on the hook, and as he did so received the electric shock which injured him. The service company impleaded the telephone company, alleging that the latter had removed the guy wire from the telephone pole without notice to it, and had therefore been guilty of active negligence, whereas its own negligence in failing to discover and remove the guy wire from its electric light pole was only passive. The trial resulted in a judgment in favor of Johnson against the service company, and a directed verdict in favor of the telephone company. On appeal the judgment was affirmed by the Court of Civil Appeals. 300 S. W. 975. However, in the Supreme Court [6 S.W.(2d) 344] it was affirmed in favor of Johnson as against the service company, but reversed in so far as it was in favor of the telephone company. The cause was remanded for a new trial upon the issue whether the telephone company cut the guy wire, the Supreme Court holding that, if it did so without notice to the service company, it would be liable for the amount of the judgment in favor of Johnson.

While the case was pending for a new trial in the state trial court upon the issue

---

**Page 25**

thus made, it was removed by the telephone company to the federal District Court, on the ground of diversity of citizenship. It was shown without dispute that the service company, with the consent of the telephone company, originally placed the guy wire, that it had been attached to the telephone pole for a number of years, and that the telephone company removed its pole about forty days before the date on which Johnson was injured. Witnesses for the service company testified that the guy wire was in place within a month or two before the injury, that the wire appeared to have been cut recently, and that it was cut close to the telephone pole. The telephone company produced several witnesses who testified that when the telephone pole was removed there was no wire attached to it. Whether the telephone company caused the guy wire to be cut was therefore a question upon which the evidence was in conflict. At the close of all the evidence the telephone company moved for a directed verdict in its favor; but this motion was denied, and the jury returned a verdict upon which judgment was entered against the telephone company for the amount of the judgment recovered by Johnson against the service company. Upon this appeal of the telephone company, all assignments of error are leveled at the refusal of the court to give the requested peremptory instruction.

On the question of disputed fact whether the telephone company caused the wire to be cut, the case in our opinion was properly submitted to the jury. While it is true that there was no direct evidence that the guy wire was cut by the agents or servants of the telephone company, yet the circumstantial evidence, as to the presence of the guy wire intact and uncut, a short time before Johnson's injury, as to the freshness of the cut, as to the distance of the telephone pole from the point where the guy wire was severed, and as to the removal of the pole itself, was sufficient to support the inference that the guy wire had been cut by those acting for the telephone company. The direct evidence in favor of the telephone company was insufficient to overcome as a matter of law the circumstantial evidence adduced on behalf of the service company.

Assuming in favor of the verdict that the telephone company caused the wire to be cut without notice to the service company, the legal question arises whether or not the service company is entitled to recover on the theory that its negligence was passive, and that the telephone company was the active wrongdoer. That question is answered in the affirmative by the Supreme Court of Texas, not only by its opinion in this case, but also in the cases of City of San Antonio v. Smith, 94 Tex. 266, 59 S. W. 1109; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518. Whether we are bound in a removal case, such as this is, by the decision of the Supreme Court of Texas before removal, it is not necessary to determine; for, as it seems to us, that decision and the two earlier ones just above cited correctly announce a rule of law which has the approval of the Supreme Court of the United States. The general rule is that there can be no contribution between joint tort-feasors, but to that rule there is a well-recognized exception to the effect that "one liable only on account of a breach of duty of care owing the plaintiff, but without active participation in a tort committed by another, may, whether in the original suit or by independent action, recover over against the active perpetrator of the wrong." Shearman & Redfield on Negligence (6 Ed.) § 24b. Again, in section 301 of the same work, it is said: "Although the primary liability for injuries caused by a breach of corporate duty or the tortious acts of its agents rests on the corporation, its agents or third persons, who proximately caused the injury, are jointly liable with it, and if it is obliged to pay damages for an injury so caused, it has a right of recovery over against the actual wrongdoer." This last statement of the rule is cited with approval by the Supreme Court in Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712. That was a case in which the District of Columbia, which was held liable for an injury to a plaintiff who was injured by reason of a gas box on the sidewalk being out of repair, was permitted to recover over against the gas company which was guilty of the active wrongdoing. An earlier case involving the same principle of law was that of City of Chicago v. Robbins, 2 Black, 418, 17 L. Ed. 298. In the Supreme Court case first cited it was said that the rule does not depend upon the peculiar or exceptional rights of municipal corporations, but is general in its nature; and the court proceeds to cite with approval the case of Gray v. Boston Gaslight Co., 114 Mass. 149, 19 Am. Rep. 324, which upheld the right of a property owner to recover the damages which he had been compelled to pay on account of a wire attached by the gas company to the chimney of the owner's house. A case announcing the same principle is that of the City of Astoria v. Astoria & Columbia River R. R. Co., 67 Or. 538, 136 P. 645, 49 L. R.

A. (N. S.) 404. The doctrine underlying this apparent exception to the general rule is based on the principle that tort-feasors are not as between themselves in pari delicto. The service company was liable to Johnson only because it failed to maintain its cable in a safe condition, but that failure would not have resulted in the injury to Johnson but for the cutting of the guy wire by the telephone company and its failure to give notice to the service company that it had done so. As between the two companies, the telephone company was the actual wrongdoer.

The judgment is affirmed.