Dallas JOB, Plaintiff,

v.

GRAND ELECTRIC CO-OPERATIVE, INC., a corporation, Defendant and Third-Party Plaintiff and Fourth-Party Plaintiff,

v.

TROY CANNON CONSTRUCTION COMPANY, Inc., a Kansas Corporation, Third-Party Defendant,

v.

ASSOCIATED ENGINEERS, INC., a Montana Corporation, Fourth-Party Defendant.

Civ. No. 882.

United States District Court
D. South Dakota, W. D.
Feb. 12, 1969.

Bangs, McCullen, Butler & Foye, Rapid City, S. D., and Thompson, Lundberg & Rosenberg, Bismarck, N. D., for Dallas Job.

Whiting, Lynn, Freiberg & Schultz, Rapid City, S. D., and Newell E. Krause, Lemmon, S. D., for Grand Electric Co-operative, Inc.

Costello, Porter, Hill, Banks & Nelson, Rapid City, S. D., for Troy Cannon Construction Co.

Martens, Goldsmith, May & Porter, and Stephens, Riter & Mayer, Pierre, S. D., for Associated Engineers, Inc.

## MEMORANDUM DECISION

BECK, District Judge.

Grand Electric Co-operative,, Inc., a corporation, defendant and third party plaintiff, hereinafter referred to as Grand, is in this proceeding on motion, within the framework of this case, as against Troy Cannon Construction Company, Inc., a Kansas Corporation, third party defendant, hereinafter referred to as Troy, seeking a judgment for attorney fees and costs in the sum of $43,056.-58.

Attorney fees and costs generally became disputed issues in this case, as between Grand and Troy under their respective original pleadings and evidentiarily during the jury trial, on the one to the court of the indemnity concept and on the appeal, Associated Engineers, Inc. v. Job, 370 F.2d 633 (8 Cir. 1966), to the extent that those proceedings furnished background reflecting the scope of Grand's litigation task in defending the case against Job and on the appeal in bringing about a shifting of its liability to the other defendants as the decision held the *"hold harmless clause"* under the indemnity contract to have conferred *"upon Grand"*, as against Troy, *"the right to complete indemnification in this case * * *"*. (Emphasis supplied).

The Mandate thereafter issued, aside from its formal parts and insofar as it bears on this motion, is as follows:

"And it is further Ordered by this Court, that these causes be, and they are hereby, remanded to the said District Court for further proceedings to the extent, if any, such are indicated, and for the entry of a new Judgment consistent with the conclusions expressed in the Opinion of this Court this day filed herein. The said new Judgment shall preserve the interest and costs heretofore awarded to the Plaintiff."

The judgment subsequently entered was in line with the decision and the summary at page 652:

*"Summary.* Plaintiff Job is entitled to judgment for $200,000 against Grand and Associated jointly and severally; conditioned upon sufficient collection by the plaintiff of that judgment, Troy is entitled to judgment against plaintiff Job for the workmen's compensation benefits it has paid to Job, less the amount, if any, of Job's necessary and reasonable expenses of collecting those benefits; and Grand is entitled to judgment against Troy for what Grand pays to satisfy Job's judgment against Grand. If the situation is such that Grand and Associated share the burden of the Job judgment equally, then, when all is done, the plaintiff Job receives the sum of $200,000, less his net compensation benefits then already paid; Associated pays $100,000 of this amount; Troy pays the remaining $100,000 less

the net compensation benefits already received by Job; and Grand pays nothing net.",

with a concluding clause in the judgment that it is:

"Ordered Adjudged and Decreed that the entry of this judgment is without prejudice to the claim of Grand Electric Co-operative Inc. against Troy Cannon Construction Co., Inc. for attorney fees, costs and disbursements.",

this as a last having been added so as to carry out the understanding between all the parties that payment and satisfaction and in that process the stopping of interest on the judgments, could be made without either of such acts or any combinations thereof being prejudicial to the rights of Grand and Troy on this motion.

The Court on that record held Grand entitled to *"complete indemnification"*, a conclusion arrived at as it held indemnity concepts controlling and attorney fees and incurred costs in that setting included and therefore within the determination as it was expressed on the appeal, SDC 31.3107, General Electric Company v. Mason & Dixon Lines, Inc., 186 F.Supp. 761 (Va.1960), Booth-Kelly Lumber Company v. Southern Pacific Company, 183 F.2d 902, 20 A.L.R.2d 695 (9 Cir. 1950), Southern Pacific Company v. Morrison-Knudsen Company, 216 Or. 398, 338 P.2d 665 (1959), City of Astoria v. Astoria & C. R. R. Company, 67 Or. 538, 136 P. 645, 49 L.R.A.,N.S., 404 (1913), and Miller and Company of Birmingham v. Louisville & N. R. Company, 328 F.2d 73 (5 Cir. 1964). (Emphasis supplied).

Thereafter, for the Court to close the case on the appellate side, it was only a matter on how to supply evidence translating the general award into exact currency terms, which it did in the directives contained in the Mandate and for the trial court on the hearing of the motion to comply by admitting evidence of attorney fees and costs and in that connection exactly how much. Similarly in the case of Kemart Corporation v. Printing Arts Research Laboratories, Inc., 232 F.2d 897, 57 A.L.R.2d 1234 (9 Cir. 1956):

"In the trial of the case, it was held by the district court that Kemart Corporation, the plaintiff, had infringed some of Printing Arts patents. Upon that conclusion it followed logically that neither costs, attorney fees nor damages could properly be allowed Kemart, the losing party, and of course were not allowed. The situation was changed radically when we reversed on the infringing issue, leaving the issues of attorney fees and damages untouched. We are of the opinion now that upon remand of the case specifically covering only the issue of infringement it was implicit that the other issues would have to have additional consideration by the district court since its ruling on the patents controlled its decision as to the other issues."

■ Otherwise expressed, that formula is the Court's law of this case to be applied irrespective of other rules sought to be invoked, such for instance as Troy's that the evidence admitted on the motion related to another issue, which since it was within the pleadings but not proved could not now be touched on or established. For the answer to those postulations, suffice it to say that the Court rejected all of those contentions as it directed the proceedings by which the case finally was to be resolved. Thornton v. Carter, 109 F.2d 316 (8 Cir. 1940), for that reason and others is not in point.

■ The court, accordingly, on the record as a whole, including the trial to the jury, to the court, the record on the appeal, the rules in the decision to the extent they apply, all of the evidence produced on the motion under the Mandate and the arguments of the respective parties, finds and concludes that Grand has established a right to allocable attorney fees in the sum of $21,564.53 and costs to the extent of $4,927.52, or a total of $26,492.05, and that it is as against Troy entitled to a judgment for that amount with interest from the date of entry at

the rate of 6% per annum and costs in this case as provided by law. As for allocation in cases of this kind, see the headnote in General Electric Company, supra; "Where a person is obliged to defend against act of another, against whom he has remedy over, he may, if such other has notice of suit and opportunity to defend, hold him liable not only for amount of damages recovered against himself and which he is compelled to pay, together with interest, but also for all reasonable and necessary costs and expenses incurred in such defense, including attorney's fees."

This decision is intended as the court's findings of fact and conclusions of law.

Let judgment be entered accordingly.