No. 21 June 11, 2015 327

IN THE SUPREME COURT OF THE
STATE OF OREGON

ECLECTIC INVESTMENT, LLC,
*Plaintiff,*

*v.*

Richard PATTERSON, et al.,
*Defendant.*

JACKSON COUNTY,
*Cross-Claim Plaintiff-Appellant,*
*Petitioner on Review,*

*v.*

Byron McALLISTER, Jr.,
dba Greater Crater Construction Company,
*Cross-Claim Defendant-Respondent,*
*Respondent on Review.*

(CC 07019L3; CA A150458; SC S062247)

En Banc

On Petitioner on Review's petition for reconsideration filed April 2, 2015; considered and under advisement May 5, 2015.*

Michael Jewett, Michael Jewett, P.C., Ashland, filed the petition for reconsideration for petitioner on review.

No appearance *contra.*

WALTERS, J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

_____
 * 357 Or 25, 346 P3d 468 (2015).

WALTERS, J.

Petitioner on review, Jackson County (the county), seeks reconsideration of our opinion in *Eclectic Investment, LLC v. Patterson*, 357 Or 25, 346 P3d 468 (2015), in which we affirmed the Court of Appeals and trial court decisions denying the county's common-law indemnity claim. We concluded that, "[i]n cases in which the Oregon comparative negligence statutes apply and in which jurors allocate fault—and thereby responsibility—for payment of damages between tortfeasors, and each tortfeasor's liability is several only, a judicially created means of allocating fault and responsibility is not necessary or justified." *Id.* at 38. We allow the county's request for reconsideration because, as the county correctly notes, we rested that conclusion on an analysis that the parties had not expressly identified. The county raises three points that it believes might affect our analysis. Therefore, it is appropriate to briefly address those points and explain why we adhere to our prior conclusion.[1]

The county first points out that we did not discuss ORS 31.800, and particularly subsection (5) of that statute. ORS 31.800 was enacted in 1971. Or Laws 1971, ch 668, § 1. It provides for a right of contribution among joint tortfeasors who pay more than a proportional share of a common liability. Like indemnity, contribution eases the common-law rule that makes tortfeasors jointly liable for the full amount of a plaintiff's damages regardless of their respective degrees of fault. *Eclectic*, 357 Or at 36; W. Page Keeton, *Contribution and Indemnity Among Tortfeasors*, 1969 Ins Coun J 630, 630 (1969). ORS 31.800(5) provides that the right of contribution "does not impair any right of indemnity under existing law" and that a tortfeasor that is entitled to indemnity is not entitled to contribution.[2] Thus, under ORS 31.800(5), a

---

[1] We have considered, but reject without discussion, the county's other arguments.

[2] In its entirety, ORS 31.800 provides:

"(1) Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

tortfeasor that pays more than its proportional share of a common liability may seek either contribution or indemnity from a joint tortfeasor.

In 1995, however, the legislature made further changes to the common-law rule making tortfeasors jointly liable for the full amount of a plaintiff's damages. Or Laws 1995, ch 696, § 5, *now codified at* ORS 31.610. That statute now requires that a trier of fact compare the negligence of multiple tortfeasors and that damages be awarded "in accordance with the percentages of fault determined by the trier of fact under ORS 31.605." ORS 31.610(2). Thus, in the circumstance presented here—in which ORS 31.610 applies, tortfeasors are liable only for their own negligence, and a jury determines the relative fault and responsibility of each tortfeasor—a judicially created claim for common-law indemnity is unnecessary.

We understand that, when it enacted ORS 31.610, the legislature left ORS 31.800 intact. But we did not decide that, in enacting ORS 31.610, the legislature intended to abrogate all claims for common-law indemnity. Rather, we decided that, because claims for common-law indemnity originated with the courts, it was appropriate that this

---

"(2) The right of contribution exists only in favor of a tortfeasor who has paid more than a proportional share of the common liability, and the total recovery of the tortfeasor is limited to the amount paid by the tortfeasor in excess of the proportional share. No tortfeasor is compelled to make contribution beyond the proportional share of the tortfeasor of the entire liability.

"(3) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what is reasonable.

"(4) A liability insurer, who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer, is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's proportional share of the common liability. This subsection does not limit or impair any right of subrogation arising from any other relationship.

"(5) This section does not impair any right of indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of the indemnity obligation.

"(6) This section shall not apply to breaches of trust or of other fiduciary obligation."

court determine whether, and in what instances, there is a remaining need for such claims. As we said in our original opinion, we were unable to

> "respond to the parties' request that we reconsider the principles that underlie [a common-law claim for indemnity] and determine whether a jury's allocation of fault should be a factor in a court's analysis without also considering the fact that the Oregon Legislative Assembly has created a system of comparative negligence that fully addresses the problem that common-law indemnity was crafted to solve."

*Eclectic*, 357 Or at 38. For reasons that we explained, when ORS 31.610 applies, a common-law indemnity claim is inconsistent with that statutory scheme and is not justified. *Id*. We appreciate the county's attention to ORS 31.800(5), but it does not change the conclusion that we reached.

Similarly, the county's remonstrance that we should consider its claim for indemnity for attorney fees differently from an indemnity claim for damages is not persuasive. The county contends that a claim for attorney fees "always tracked along behind the main claim for damages restitution" but now should be given a life of its own. When we rendered our opinion in this case, we were fully cognizant that the county's claim was so limited and noted that fact in our analysis. *See id*. at 27 ("Nevertheless, the county had incurred costs in defending against plaintiff's claim, and it pursued its cross-claim for indemnity to collect those costs from the contractor."); *id*. at 34 ("The county argues that, under *Astoria*, its negligence was merely passive and, therefore, the contractor ought to pay the fees and costs that the county incurred in defending against plaintiff's negligence claim."); *id*. at 38 n 9 ("We do not decide whether a prevailing defendant may be permitted to recover its costs of defense from another tortfeasor on a theory other than common-law indemnity."). Even if the county is correct that a claim for common-law indemnity includes a claim for attorney fees, it is incorrect that a defendant has an independent claim for attorney fees when the plaintiff's claim for restitution itself is not viable.

We also disagree with the county's contention that our decision is fundamentally unfair to the county. The

undisputed facts reveal that the county investigated and observed the excavation at issue in this case during and after its completion and ultimately issued a permit approving the excavation without requiring the contractor to make any change to the steep slope. Those actions were significantly different from the city's actions in *Astoria v. Astoria & Columbia River R. Co.*, 67 Or 538, 548, 136 P 645 (1913), the case on which the city relied for its indemnity claim. In *Astoria*, the city had issued its permit before the railroad began construction and city representatives had not observed or sanctioned the construction of the track after its completion. *Id*. at 548. Even if this case were governed by the legal principles followed in *Astoria*, we would affirm the decision of the trial court because of the different facts that this case involves.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.